UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| RANDY MCDONALD, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>ENCOMPASS SERVICES, LLC.,<br><br>Defendant. | §<br>§<br>§  Docket No. _____<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§  CLASS/COLLECTIVE ACTION<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**I.    SUMMARY**

1. Randy McDonald ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Encompass Services, LLC ("Encompass" or "Defendant") for himself and all other class members under the collective action provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and through Fed. R. Civ. P. 23 under the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104; Massachusetts Labor Law, Mass. Gen. L. c. 151 § 1A, B (and accompanying regulations) ("MLL"); and the Massachusetts Wage Act, Mass. Gen. L. c. 149, § 148 ("MWA") (the MLL and MWA will be collectively referred to as the "MA Acts.")

2. Plaintiff, and others workers like him, worked for Defendant performing largely routine and manual labor type job duties, typically worked in excess of 40 hours a week, and were not paid overtime properly.

3. In violation of the FLSA, PMWA, and the MA Acts, Defendant denied proper overtime to all employees like Plaintiff. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because this action involves over 100 persons with an aggregate amount in controversy in excess of $5 million with the parties being citizens of different states.

6. The Court also has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

8. Plaintiff and other FLSA 216(b) and Rule 23 class members worked for Defendant in this District and Division.

## III. THE PARTIES

9. Randy McDonald worked for Defendant performing surveying work surrounding the pre-construction of pipelines in the oilfield.

10. Plaintiff never received overtime compensation at one and one half times his regular rate of pay, as defined by the FLSA/PMWA/MA Acts, despite routinely working over 40 hours in a single workweek.

11. His consent to be a party plaintiff is attached hereto as Exhibit A.

12. Plaintiff seeks to represent a nationwide class under the Fair Labor Standards Act collective action provision, 29 U.S.C. § 216(b). The FLSA 216(b) Class is defined as:

> **All field personnel who worked for Encompass within the past three years and were paid (1) a salary and job bonus, (2) a day rate; or (3) hourly with additional compensation not considered wages for purposes of the regular rate of pay.**

13. Further, Plaintiff seeks to represent a class who worked in or were based out of Pennsylvania and/or Massachusetts through a class action under Rule 23. The Rule 23 Pennsylvania

Class is defined as:

> **All Field Personnel who worked for encompass within the past three years in or out of Pennsylvania and were paid (1) a salary and job bonus, (2) a day rate, or (3) hourly with additional compensation not considered wages for purposes of the regular rate of pay.**

14. The Rule 23 Massachusetts Class is defined as:

> **All Field Personnel who worked for encompass within the past three years in or out of Massachusetts and were paid (1) a salary and job bonus, (2) a day rate, or (3) hourly with additional compensation not considered wages for purposes of the regular rate of pay.**

15. Encompass Services, LLC may be served through its registered agent Capitol Corporate Services, Inc.

## IV.   FACTS

16. Encompass provides route reconnaissance, survey, map generation, well package development, title research, and other services for the oil and gas industry. *See* http://www.encompassservices.com/

17. Encompass operates nationwide, with operations in Pennsylvania, Massachusetts, Texas, Minnesota, Colorado, North Carolina, Oklahoma, Oregon, and Maine. See http://www.encompassservices.com/contact-us

18. To offer these services, Encompass employs hundreds of field employees.

19. Encompass' field employees' job duties involve traveling to various job sites each day, operating oilfield related equipment, performing maintenance and troubleshooting on the equipment, and other duties required by Encompass.

20. These employees are paid a salary with job bonuses, day rates, or hourly with additional compensation.

21. These employees also do not receive proper overtime.

22. The employees receiving a salary with job bonuses or day rates receive no overtime whatsoever.

23. The employees receiving hourly pay with additional monies do not receive overtime at the correct rate.

24. The FLSA, PMWA, and MA Acts require overtime to be paid at one and one half times the applicable "regular rate" of pay.

25. Encompass failed to include the additional money paid to hourly employees in calculating their overtime.

26. Plaintiff worked for Encompass in the surveying department.

27. Plaintiff used machetes and chainsaws to clear routes for pipelines.

28. Plaintiff walked oilfields, pastures, and farmland to assist a team in finding the path of least resistance during the pre-construction of a pipeline.

29. Plaintiff logged the location of obstacles, potential pipeline routes, and access points on maps.

30. Plaintiff operated surveying equipment.

31. Plaintiff set up survey markers.

32. Plaintiff manually operated survey guns.

33. Plaintiff assembled, maintained, disassembled, and carried survey related equipment.

34. Plaintiff used his hands and physical strength to clear obstacles from fields that may influence the pre-construction of pipelines.

35. Plaintiff worked long and hard hours in the field.

36. The majority of his work was routine and manual in nature, using hand tools and carrying heavy equipment.

37. Working in the oilfield, Plaintiff wore various types of PPE.

38. Beyond being routine and manual in nature, all aspects of Plaintiff's job was predetermined for him.

39. Encompass trains its employees how to operate the required equipment and perform the job.

40. Plaintiff was required to comply with Encompass' strict policies and procedures governing each issue that arises throughout the job.

41. No specific degree or background is required to perform Plaintiff's job; Encompass provides all the training necessary to perform the job the Encompass way.

42. Indeed, Plaintiff and all employees like him perform non-exempt job duties under the FLSA and related state laws.

43. Plaintiff and individuals like him work well over 40 hours a week; however, Encompass does not pay its employees overtime properly.

44. For doing the same or similar job duties, Plaintiff was paid under three different pay practices.

45. Encompass paid Plaintiff a salary and job bonuses from approximately January 19, 2014 to November 28, 2014:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 25.0000 | 100.00 | 2,500.00 | 12,500.00 |
| Expense | | | 70.00* | 350.00 |
| Mileage Reimb | | | 610.69* | 2,812.05 |
| **Gross Pay** | | | **$3,180.69** | 15,662.05 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -238.24 | 1,206.24 |
| | Social Security Tax | -151.89 | 765.67 |
| | Medicare Tax | -35.52 | 179.07 |
| | PA State Income Tax | -75.21 | 225.63 |
| | PA SUI/SDI Tax | -1.75 | 5.25 |
| | OH State Income Tax | | 158.56 |
| | **Other** | | |
| | Checking1 | -2,627.94 | |
| | Dental Pre Tax | -41.54* | 124.62 |
| | Vision | -8.60* | 25.80 |
| | **Net Pay** | **$0.00** | |

\* Excluded from federal taxable wages

Your federal taxable wages this period are $2,449.86

ENCOMPASS SERVICES LLC
394 LAKE AVENUE
DULUTH, MN 55802

Deposited to the account of
RANDY W MCDONALD



46.     Encompass paid Plaintiff hourly with additional monies from approximately March 1, 2015 to October 29, 2015:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 12.0000 | 62.00 | 744.00 | 744.00 |
| Overtime | 18.0000 | 8.00 | 144.00 | 144.00 |
| Pre Diem | | | 1,419.00* | 1,419.00 |
| Standby | 12.0000 | 8.00 | 96.00 | 96.00 |
| **Gross Pay** | | | **$2,403.00** | 2,403.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -34.56 | 34.56 |
| | Social Security Tax | -61.01 | 61.01 |
| | Medicare Tax | -14.27 | 14.27 |
| | PA State Income Tax | -30.21 | 30.21 |
| | PA SUI/SDI Tax | -0.69 | 0.69 |
| | **Other** | | |
| | Advance | -507.50 | 507.50 |
| | **Net Pay** | **$1,754.76** | |
| | Checking1 | -1,754.76 | |
| | **Net Check** | **$0.00** | |

\* Excluded from federal taxable wages
  Your federal taxable wages this period are $984.00

ENCOMPASS SERVICES LLC
394 LAKE AVENUE
DULUTH, MN 55802

Deposited to the account of
RANDY W MCDONALD



47.     Encompass paid Plaintiff a day rate from approximately October 30, 2015 to January 16, 2016:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 130.0000 | 13.00 | 1,690.00 | 15,016.00 |
| Pre Diem | | | 1,870.00* | 22,896.00 |
| Overtime | | | | 5,193.00 |
| Misc Pay | | | | 240.00 |
| Standby | | | | 96.00 |
| **Gross Pay** | | | **$3,560.00** | 43,441.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -122.25 | 1,176.06 |
| | Social Security Tax | -104.78 | 1,273.79 |
| | Medicare Tax | -24.50 | 297.90 |
| | PA State Income Tax | -51.88 | 630.76 |
| | PA SUI/SDI Tax | -1.18 | 14.38 |
| | Other | | |
| | Advance | | 3,500.00 |
| | **Net Pay** | **$3,255.41** | |
| | Checking1 | -3,255.41 | |
| | **Net Check** | **$0.00** | |

\* Excluded from federal taxable wages

Your federal taxable wages this period are $1,690.00

ENCOMPASS SERVICES LLC
394 LAKE AVENUE
DULUTH, MN 55802

Deposited to the account of
RANDY W MCDONALD



48.     Encompass paid Plaintiff hourly with additional monies from approximately January 17, 2016 to July 17, 2016:

Case 2:16-cv-01203-LPL   Document 1   Filed 08/10/16   Page 9 of 17

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 15.0000 | 54.50 | 817.50 | 3,367.50 |
| Overtime | 22.5000 | 6.00 | 135.00 | 135.00 |
| Mileage Reimb | | | 301.86* | 596.70 |
| Pre Diem | | | 560.00* | 3,050.00 |
| Gross Pay | | | $1,814.36 | 7,149.20 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -31.21 | 32.17 |
| | Social Security Tax | -59.06 | 217.16 |
| | Medicare Tax | -13.81 | 50.79 |
| | PA State Income Tax | -29.24 | 107.52 |
| | PA SUI/SDI Tax | -0.66 | 2.45 |
| | Other | | |
| | Advance | -305.00 | 2,235.00 |
| Net Pay | | $1,375.38 | |
| Checking1 | | -1,375.38 | |
| Net Check | | $0.00 | |

* Excluded from federal taxable wages
Your federal taxable wages this period are $952.50

ENCOMPASS SERVICES LLC
394 LAKE AVENUE
DULUTH, MN 55802

Deposited to the account of
RANDY W MCDONALD



49.     Encompass pays all of its field employees like Plaintiff under the pay practices described above.

50.     Regardless of location, Encompass treats these employees the same and denied proper overtime.

51.     As the controlling law makes clear, the routine and manual labor duties performed by Plaintiff and the other employees is non-exempt work.

9

52. Therefore, Encompass owes back overtime wages to all of their employees like Plaintiff.

### V. CLASS AND COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Encompass imposed on Plaintiff were similarly imposed on the field personnel employed in Pennsylvania, Massachusetts, and the rest of the United States.

54. Over one hundred employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA, PMWA, and the MA Acts.

55. Numerous other employees who worked with Plaintiff have indicated they were paid in the same manner, performed similar work, and were not properly compensated properly for all hours worked as required by federal and state wage laws.

56. Based on his experiences and tenure with Encompass, Plaintiff is aware that Defendant's pay practices or policies have been imposed on the FLSA 216(b) and Rule 23 Class Members.

57. The FLSA 216(b) and Rule 23 Class Members all were not afforded overtime compensation at the correct rates when they worked in excess of forty hours per week.

58. Defendant's failure to pay wages and overtime compensation as required by the FLSA, PMWA, and MA Acts result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the class members.

59. Plaintiff's experiences are therefore typical of the experiences of the FLSA 216(b) and Rule 23 Class Members.

60. The specific job titles or precise job locations of the various FLSA 216(b) and Rule 23 Class Members do not prevent class or collective treatment.

61.  Plaintiff has no interests contrary to, or in conflict with, the FLSA 216(b) and Rule 23 Class Members, as defined herein. Like each member of the proposed classes, Plaintiff has an interest in obtaining the unpaid overtime wages owed under federal and state wage laws.

62.  A hybrid class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

63.  Absent this action, many FLSA 216(b) and Rule 23 Class Members likely will not obtain redress of their injuries and Encompass will reap the unjust benefits of violating the applicable federal and state wage laws.

64.  Furthermore, even if some of the FLSA 216(b) and Rule 23 Class Members could afford individual litigation against Encompass, it would be unduly burdensome to the judicial system.

65.  Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

66.  The questions of law and fact common to each of the FLSA 216(b) and Rule 23 Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    (a) Whether Encompass employed the Class Members within the meaning of the applicable federal and state statutes, including the FLSA, PMWA, or the MA Acts;

    (b) Whether the Class Members were improperly classified by Encompass as exempt from overtime compensation;

    (c) Whether Encompass' decision to classify the Class Members as exempt was made in good faith;

(d) Whether Encompass' violation of the FLSA, PMWA, or MA Acts was willful; and

(e) Whether Encompass' failure to pay Plaintiff and the Class Members overtime pay due to them was by virtue of their uniform designation as exempt.

67. Plaintiff's claims are typical of the FLSA 216(b) and Rule 23 Class Members' claims. Plaintiff and the FLSA 216(b) and Rule 23 Class Members have sustained damages arising out of Encompass' illegal and uniform employment policies.

68. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

69. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## VI.   COVERAGE UNDER THE FLSA

70. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

71. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

72. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

73. At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

### VII. FLSA VIOLATIONS

74. During the relevant time period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing persons in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

75. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and all Class Members overtime compensation.

76. The decision by Defendant not to properly pay overtime compensation to their employees was neither reasonable, nor in good faith.

77. Accordingly, Plaintiff and all Class Members are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VIII. PMWA VIOLATIONS

78. Plaintiff incorporates all preceding paragraphs.

79. The conduct alleged violates the Pennsylvania Minimum Wage Act (PMWA) (43 Pa. Stat. Ann. § 333.104).

80. At all relevant times, Encompass was subject to the requirements of the PMWA.

81. At all relevant times, Encompass employed Plaintiff and each Class Member with Pennsylvania state law claims, as an "employee" within the meaning of the PMWA.

82. Class Members who possess Pennsylvania state law claims are members of the Rule 23 Pennsylvania Class.

83. The PMWA requires an employer like Encompass to pay overtime to non-exempt employees for all hours worked in excess of 40 hours in any one week. Plaintiff and the Class Members are entitled to overtime pay under the PMWA because they performed non-exempt job duties.

84. Encompass had a policy and practice of failing to pay overtime to Plaintiff and each Class Members for hours worked in excess of 40 hours per workweek.

85. Plaintiff and each Class Member seeks unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

86. Plaintiff and each Class Member also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Encompass, as provided by the PMWA.

### IX. VIOLATIONS OF THE MA ACTS

87. Plaintiff incorporates all preceding paragraphs.

88. The conduct alleged violates the MLL and MWA.

89. At all relevant times, Encompass was subject to the requirements of the MA Acts.

90. At all relevant times, Encompass employed Plaintiff and each Class Member with Massachusetts state law claims, as an "employee" within the meaning of the MA Acts.

91. Defendant failed to pay Plaintiff and the Class Members wages to when they were entitled under Mass. Gen. L.C. 151 § 1A, B.

92. Defendant failed to pay Plaintiff and the Class Members wages to when they were entitled under Mass. Gen. L.C. 149 § 148.

93. Class Members who possess MA state law claims are members of the Rule 23 Massachusetts Class. The MA Acts requires that employees receive overtime compensation not less than one and one-half times (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937.

94. As an employee for Defendant, Plaintiff and the Class Members worked in excess of the maximum weekly hours permitted, but were not paid overtime wages for this time spent working.

95. Plaintiff and the Class Members seek back wages, treble damages, attorney fees, and costs from Defendant for violating the MA Acts.

## X.   JURY DEMAND

96. Plaintiff hereby demands a jury.

## XI.   RELIEF SOUGHT

97. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   (a) For an Order pursuant to FLSA finding Defendant liable and awarding Plaintiff and all members of the FLSA 216(b) Class their unpaid back wages, attorney fees, costs, liquidated damages, and pre- and post-judgment at the highest rates allowed by law; and

   (b) For an Order pursuant to PMWA finding Defendant liable and awarding Plaintiff and all members of the Rule 23 Pennsylvania Class their unpaid wages, attorney fees, costs, penalties, and pre- and post-judgment at the highest rates allowed by law; and

   (c) For an Order pursuant to the MA Acts finding Defendant liable and awarding Plaintiff and all members of the Rule 23 Massachusetts Class their

unpaid wages, treble damages, attorney fees, costs, penalties, and pre- and post-judgment at the highest rates allowed by law; and

(d) For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**/s/ Joshua P. Geist**
**Joshua P. Geist**
PA. I.D. No. 85745
**Goodrich & Geist, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

**AND**

**Michael A. Josephson**
Pennsylvania Bar No. 308410
Texas Bar No. 24014780
(*pending pro hac vice*)
**Andrew W. Dunlap**
Texas Bar No. 24078444
(*pending pro hac vice*)
**Lindsay R. Itkin**
Texas Bar No. 24068647
(*pending pro hac vice*)
**Jessica M. Bresler**
Texas Bar No. 24090008
(*pending pro hac vice)*
**FIBICH, LEEBRON, COPELAND**
**BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com
jbresler@fibichlaw.com

AND

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
(*Pending Pro Hac Vice*)
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**